# IN THE UNITED STATES DISTRICT COURT
# FOR MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**TENNESSEE BANK & TRUST**, a wholly owned division of **FARMERS BANK & TRUST COMPANY**, an Arkansas state bank,

  Plaintiff,

v.

**MARION EDWIN LOWERY, CYNTHIA LOWERY, MARIAN ELIZABETH LOWERY SAFFLE, JOHN HARRISON LOWERY, WILLIAM HARRISON CRABTREE, JR., JIM ENGLAND, RICHARD INMAN, TOMMY CROCKER, BBC HOLDINGS, INC., BOC OPERATIONS, LLC, PLF, LLC, COMMERCE BANCSHARES, INC., PEOPLES STATE BANK OF COMMERCE AND OAKLAND FINANCIAL SERVICES, INC.**,

  Defendants.

Civil Action No. 3:11-cv-0984
Judge Trauger
Jury Demanded

## ANSWER, COUNTER-COMPLAINT AND CROSS-CLAIM

Come now the Defendants, BOC Operations, LLC, Commerce Bancshares, Inc. and People State Bank of Commerce (hereinafter collectively referred to as "Defendants, Cross-Claimants or Counter-Claimants"), by and through counsel and for their Answer, Counter-Complaint and Cross-Claim, would show and state as follows:

### VENUE AND JURISDICTION

1. Defendants admit jurisdiction and venue set for th in Paragraph 1.

### THE PARTIES

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are admitted, except as to residence.

9. The allegations of Paragraph 9 are admitted, except as to residence.

10. The allegations of Paragraph 10 are admitted, except as to residence.

11. The allegations of the second grammatical sentence of Paragraph 11 are admitted. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 11.

12. The allegations of Paragraph 12 are admitted except as to the principal place of business which is located at 7122 Nolensville Rd., Nolensville, Tennessee 37135.

13. It is admitted that PBLF, LLC is a Tennessee Limited Liability Company. It is denied that it's principal place of business is located at 233 Bedford Way, Franklin, Tennessee. Upon information and belief, Defendants admit that the members of PBLF are Ed Lowery, Cynthia Lowery, Elizabeth Saffle and John Lowery.

14. The allegations of paragraph 14 are denied.

15. It is admitted that Peoples State Bank of Commerce is a domestic corporation with its principal place of business located at 7122 Nolensville Rd., Nolensville, Tennessee 37135. It is further admitted that Commerce Bancshares is the sole stockholder of Peoples State Bank and that Peoples State Bank in turn is the sole stockholder of BOC Operations, LLC.

16. It is admitted that Defendant, Oakland Financial Services, Inc., is a Tennessee corporation with its principal place of business located in Cordova, Shelby County, Tennessee. Upon information and belief, it is admitted that Oakland Financial is a majority

shareholder of BBC Holdings, Inc. It is admitted that Peoples State Bank is a minority shareholder of BBC Holdings. It is denied that Lowery is a majority shareholder in Oakland Financial.

**FACTS**

17. Defendants incorporate their responses to Paragraphs 1-16 herein by reference.

18. The allegations of Paragraph 18 are admitted.

19. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 19.

20. The allegations of Paragraph 20 are admitted.

21. The allegations of Paragraph 21 are admitted.

22. The allegations of Paragraph 22 are admitted.

23. It is admitted that at the time of the sale BBC Holdings and BOC Operations were headquartered on real property. It is denied that PBLF was headquartered on the real property.

24. The allegations of Paragraph 24 are admitted but it is denied that such was known to these Defendants at the time of the purchase of the property in question by BOC Operations.

25. Defendants are without sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 25.

26. The participation agreement speaks for itself and these Defendants neither admit or deny the allegations of Paragraph 26.

27. The participation agreement speaks for itself and these Defendants neither admit or deny the allegations of Paragraph 27.

28. The participation agreement speaks for itself and these Defendants neither admit or deny the allegations of Paragraph 28.

29. Upon information and belief, it is admitted that Ed Lowery either individually or through various companies owned or controlled by him began to experience financial difficulties. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 29.

30. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 30.

31. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 31.

32. It is admitted that BBC Holdings released the real property from the mortgage and that PBLF conveyed the real property to BOC Operations for full and fair value. It is denied that BOC Operations was an entity controlled or owned by Lowery as Lowery had no vote and recused himself from all voting with regard to the property sale to BOC Operations.

33. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding consideration being paid to BBC Holdings. It is denied that no consideration was paid to PBLF. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 33.

34. It is admitted upon information and belief that Lowery has an ownership interest in PBLF and in Commerce Bancshares, Inc., which is the sole shareholder of People's State Bank of Commerce which is the sole shareholder of BOC Operations, LLC.

It is admitted that BBC Holdings and BOC Operations were operated out of the same physical location. The remaining allegations of Paragraph 34 are denied.

35. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 35.

36. The allegations of Paragraph 36 as they relate to BOC Operations are denied. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 36.

37. The allegations of Paragraph 37 as they relate to Commerce Bancshares, Peoples State Bank and BOC Operations are denied. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 37.

38. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of the first grammatical sentence of Paragraph 38. It is denied that the real property represents a source of monies available to repay the note and participation agreement. More particularly, BOC Operations is a bonafide purchaser for value and the participation agreement was not a recorded instrument of which BOC Operations or Peoples State Bank had knowledge.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

39. Defendants incorporate their response to allegations of Paragraphs 1-38 herein by reference.

40. Paragraph 40 does not contain factual allegations but legal conclusions. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the legal conclusions set forth in Paragraph 40.

41. It is admitted that BBC Holdings released its security interest and permitted

PBLF to convey the real property to BOC Operations. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 41.

42. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 42.

43. As they relate to BOC Operations, the allegations of Paragraph 43 are denied. It is further denied that the Plaintiff is entitled to any relief whatsoever against these Defendants.

## SECOND CAUSE OF ACTION – CIVIL CONSPIRACY

44. Defendants incorporate their response to the allegations of Paragraphs 1-43 herein by reference.

45. The allegations of paragraph 45 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

46. The allegations of paragraph 46 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

47. The allegations of paragraph 47 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

48. The allegations of paragraph 48 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

49. The allegations of paragraph 45 are denied as to these Defendants. These

Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations. It is denied that the Plaintiff is entitled to any relief whatsoever as it relates to these Defendants.

## THIRD CAUSE OF ACTION – FRAUD

50. Defendants incorporate their response to the allegations of paragraphs 1-49 herein by reference.

51. The allegations of paragraph 51 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

52. The allegations of paragraph 52 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

53. The allegations of paragraph 53 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

54. The allegations of paragraph 54 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

55. The allegations of paragraph 55 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

56. The allegations of paragraph 56 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

57. The allegations of paragraph 57 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations. It is denied that the Plaintiff is entitled to any relief whatsoever as to these Defendants.

**FOURTH CAUSE OF ACTION – FRAUDULENT TRANSFER**

58. Defendants incorporated their response to the allegations of paragraphs 1-57 herein by reference.

59. It is admitted that the property was transferred for the sum of $1,900.000.00 to BOC operations. The remaining allegations are denied.

60. It is denied that Lowery owns a majority interest in the parent company of BOC Operations and denied that Lowery controlled or exercised control over the transaction. More specifically all matters related to the sale of the property were approved by a board of directors with Lowery abstaining from any participation in the vote or transaction by BOC or any entity on the buyer side of the transaction.

61. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 61.

62. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 62.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied. It is denied that the Plaintiff is entitled to any relief whatsoever from these Defendants.

## FIFTH CAUSE OF ACTION – CONSTRUCTIVE TRUST

67. Defendants incorporate their response to the allegations of paragraphs 1-66 herein by reference.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied. It is denied that the Plaintiff is entitled to any relief whatsoever from these Defendants.

## SIXTH CAUSE OF ACTION – CONVERSION

72. Defendants incorporate their response to the allegations of paragraphs 1-71 herein by reference.

73. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 73. It is denied that any such interest is superior to a bonafide purchaser for value such as BOC Operations since such interest was not recorded and was unknown to BOC.

74. The allegations of paragraph 74 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations.

75. The allegations of paragraph 74 are denied as to these Defendants. These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations. It is denied that the Plaintiff is entitled to any relief whatsoever as to these Defendants.

76. Any and all allegations not previously admitted, explained or denied are hereby expressly denied as if denied more fully hereinabove.

## AFFIRMATIVE DEFENSES

77. Defendants aver and allege that BOC Operations was a bonafide purchaser for value and that it holds such property free and clear of any interest of the Plaintiff or any other persons or entity other than these Defendants.

78. Defendants aver and alleges that Plaintiff was negligent in failing to record its security interest on the public records of Williamson County, Tennessee and such failure bars any recover against these Defendant or the property owned by BOC Operations.

## COUNTER COMPLAINT

Now assuming the role of Counter Plaintiff, Defendants aver and allege as follows:

79. Commerce Bancshares, Inc. ("CB") is the sole shareholder and parent company of Peoples State Bank of Commerce ("Peoples"). Peoples is the sole shareholder and parent of BOC Operations, LLC ("BOC").

80. Peoples transferred the sum of $1,900,000.00 to BOC its wholly owned subsidiary for the purchase of the real property referenced in the complaint.

81. BOC purchased the property simultaneous with the transfer from Peoples based upon an agreed price with PBLF which was determined on the basis of an appraisal to the property.

82. The property was transferred by warranty deed from PBLF to BOC and contained, *inter alia*, a warranty of title.

83. Upon information an belief, the Plaintiff was aware of the transfer and failed to advise, CB, Peoples or BOC of any objection thereto.

84. At the time of the transfer, any interest of the Plaintiff was unrecorded in the public records and the conditions and covenants contained in the participation agreement were unknown to CB, Peoples and BOC.

85. At no time during the transfer or negotiations for the transfer did Ed Lowery participate in any voting on behalf of CB, Peoples or BOC.

86. The sale was an arms length transaction and commercially reasonable in both form and substance.

87. CB, Peoples and BOC aver and allege that BOC is a bonafide purchaser of the property and holds title to the property free and clear of any interest of the Plaintiff.

88. CB, Peoples and BOC aver and allege that as a result of this case and the lis pendens filed by the Plaintiff in the Register's Office of Williamson County, Tennessee that there now exists a claim against the property and a cloud upon the title.

89. CB, Peoples and BOC aver and allege that a controversy exists as to the ownership and interests in a certain parcel of real estate described in the complaint within the meaning of Rule 57, Fed. R. Civ. P. and 28 U.S.C. § 2201.

90. CB, Peoples and BOC aver and allege that this Court should adjudicate and declare the rights as between the Plaintiff and CB, Peoples and BOC to the property in question and more particularly declare that the property is owned by BOC free and clear of any claims of the Plaintiff.

## CROSS-CLAIM

Now, additionally assuming the role of Cross Plaintiffs, Commerce Bancshares, Inc. ("CB"), Peoples State Bank of Commerce ("Peoples") and BOC Operations, LLC ("BOC") sue PBLF. LLC ("PBLF"), BBC Holdings, Inc. ("BBC"), Marion Edwin Lowery ("Lowery"), Marian Elizabeth Lowery Saffle ("Saffle"), and Harrison Crabtree ("Crabtree") and aver and allege as follows:

91. The original complaint in this matter asserts various fraudulent and other wrongful acts on the part of PBLF, BBC, Lowery, Saffle and Crabtree, (hereinafter

collectively referred to as "Cross Defendants").

92. The warranty deed conveying title to the property described in the complaint was executed by Saffle on behalf of PBLF on the 28th day of May 2010. The deed is of record in book 5065 page 612 of the Register's Office of Williamson County, Tennessee.

93. Upon information and belief, and as alleged in the complaint, PBLF did not have clear and marketable title to the property at the time of the transfer and such fact was imputed to PBLF as a result of the knowledge of Lowery. Saffle was aware of this fact as well at the time that the warranty deed was execute but failed to disclose the same to the CB, Peoples or BOC.

94. On the 20th day of May 2010, BBC by and through Crabtree executed a partial release of a Deed of Trust and Conditional Assignment of Rents from PBLF to BBC on the subject property. The partial release is of record in the Register's Office of Williamson County, Tennessee in book 5065, page 610 the terms of which are incorporated herein by reference. At the time of the execution of the release, Saffle, Lowrey, PBLF, BBC and Crabtree were aware that such was in violation of the covenants set forth in the participation agreement between BBC and the original Plaintiff.

95. Saffle, Lowrey, PBLF, BBC and Crabtree had a duty to disclose the fact that BBC did not have the authority to release the property.

96. Neither Saffle, Lowrey, PBLF, BBC or Crabtree disclose the existence of hte participation agreement or the fact that the release violated the terms of the agreement.

97. Peoples in the transfer of funds to BOC and BOC in the tender of the funds to PBLF for the purchase of the property were relying upon the release, the deed and the conveyance of the real property.

98. CB, Peoples and BOC aver and allege that the acts and omissions of the

*Page 12 of 17*

Counter Defendants in causing the release of the property from the trust deed and the transfer by deed in the manner alleged in the original complaint and the previous paragraphs damaged them in the amount of the purchase price of $1,900,000.00 plus interest and expenses related to the negotiation, sale and closing of the property in question.

99. CB, Peoples and BOC aver and allege that to the extent that Plaintiff is entitled to recover any sums whatsoever from them or against that property that they are entitled to indemnity under the terms of the warranty deed and damages to the same extent from the Counter Defendants based upon the original allegations set forth in the Complaint.

100. Alternatively and additionally, CB, Peoples and BOC aver and allege that as a result of the misrepresentations made by BBC, Crabtree, PBLF and Saffle that it entered into the transaction to purchase the real estate described in the complaint and that it justifiably relied upon the representations contained in the release and warranty deed.

101. CB, Peoples and BOC aver and allege that as a result of the misrepresentations it has been damaged and is entitled to recover to the extent of such damage as may be determined at the trial in this cause including but not limited to its attorneys fees in defending this action which would not have occurred but for the actions of the Counter Defendants.

102. Alternatively and additionally, based upon the allegations set forth in the original complaint that PBLF and Saffle have breached the warranty to title granted to BOC.

103. BOC avers and alleges that such breach has caused and is continuing to cause damage to BOC inasmuch as BOC has been required to defend its title to the property for

*Page 13 of 17*

Case 3:11-cv-00984   Document 44   Filed 12/16/11   Page 13 of 17 PageID #: 223

which it is entitled to recover.

Wherefore, Commerce Bancshare, Inc., Peoples State Bank of Commerce and BOC Operations, LLC pray:

A. That the Court adjudicate and declare the rights of the BOC and the Plaintiff to the real estate more specifically declaring that BOC Operations, LLC is the true and lawful owner of the real estate described in the property free and clear of any interest of the Plaintiff or any other person or entity whatsoever.

B. That the original complaint be dismissed as it relates to Commerce Bancshare, Inc., Peoples State Bank of Commerce and BOC Operations, LLC

C. That Commerce Bancshare, Inc., Peoples State Bank of Commerce and BOC Operations, LLC have a judgment against BBC, Crabtree, Lowery, Saffle and PBLF for any and all sums it is obligated to pay to the original plaintiff.

D. That BOC Operations, LLC be awarded a judgment for all sum expended by it in defending this action or prosecuting the counter complaint and cross claims.

E. For such other and further relief to which Commerce Bancshare, Inc., Peoples State Bank of Commerce and BOC Operations, LLC may be entitled, including but not limited to prejudment interest.

**COMMERCE BANCSHARE, INC., PEOPLES STATE BANK OF COMMERCE AND BOC OPERATIONS, LLC DEMAND A JURY TO TRY THIS CAUSE.**

Respectfully submitted,

    /s/ John D. Schwalb
**JOHN D. SCHWALB (BPR No. 011671)**
john_schwalb@msn.com
**ERNEST W. WILLIAMS (BPR No 007250)**
ewwlaw@comcast.net
**WILLIAMS & SCHWALB, PLLC**
108 Fourth Avenue South, Suite 208
Franklin, Tennessee 37064
(615) 794-7100
(615) 794-6333 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served in accordance with the local rules of court and guidelines governing electronic case filing and the Federal Rules of Civil Procedure upon:

Heather J. Hubbard, Esq.
heather.hubbard@wallerlaw.com
**WALLER, LANSDEN, DORTCH & DAVIS, LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
*Attorneys for Plaintiff*

Gary D. Jiles, Esq.
gjiles@mjcfirm.com
Matthew K. Brown, Esq.
mbrown@mjcfirm.com
**MILLAR, JILES CULLIPHER, LLP**
The Frauenthal Building
904 Front Street
Conway, Arkansas 72032
*Attorneys for Plaintiff*

Joshua R. Denton, Esq.
jdenton@bassberry.com
Kinika L. Young
kyoung@bassberry.com
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
*Attorneys for Oakland Financial Services, Inc.*

| | |
|---|---|
| 1 | J. Gregory Grisham, Esq. |
| | greg.grisham@leitnerfirm.com |
| 2 | Frank L. Day, Esq. |
| | frank.day@leitnerfirm.com |
| 3 | **LEITNER, DOOLEY, WILLIAMS & NAPOLITAN, PLLC** |
| | Brinkley Plaza Suite 800 |
| 4 | 80 Monroe Avenue |
| | Memphis, Tennessee 38103 |
| 5 | *Attorneys for Oakland Financial Services, Inc.* |
| | *BBC Holdings, Inc., Crocker, England and Inman* |
| 6 | |
| | Brian F. Walthart, Esq. |
| 7 | Brian.walthart@leitnerfirm.com |
| | **LEITNER, DOOLEY, WILLIAMS & NAPOLITAN, PLLC** |
| 8 | Bank of America Plaza |
| | 414 Union Street, Suite 1900 |
| 9 | Nashville, Tennessee 37219 |
| | *Attorneys for Oakland Financial Services, Inc.* |
| 10 | *BBC Holdings, Inc., Crocker, England and Inman* |
| 11 | Luther Wright, Jr., Esq. |
| | luther.wright@ogletreedeakins.com |
| 12 | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| 13 | SunTrust Plaza |
| | 401 Commerce Street, Suite 1200 |
| 14 | Nashville, Tennessee 37219-2446 |
| | *Attorneys for Crabtree* |
| 15 | |
| | Cynthia Lowery |
| 16 | 384 Lake Valley Drive |
| | Franklin, Tennessee 37069 |
| 17 | |
| | Marion Edwin Lowery |
| 18 | 384 Lake Valley Drive |
| | Franklin, Tennessee 37069 |
| 19 | |
| | John Harrison Lowery |
| 20 | 384 Lake Valley Drive |
| | Franklin, Tennessee 37069 |
| 21 | |
| | PLBF, LLC |
| 22 | c/o Harland Dodson, III, Registered Agent |
| | 1306 6th Avenue North |
| 23 | Nashville, Tennessee 37208 |
| 24 | |

Marion Elizabeth Lowery Saffle
613 Patriot Lane
Franklin, Tennessee 37064

this 16th day of December 2011.

          <u> /s/ John D. Schwalb  </u>
          **JOHN D. SCHWALB**