IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE BANK & TRUST, a wholly owned division of FARMERS BANK & TRUST COMPANY, an Arkansas state bank,<br><br>    Plaintiff,<br><br>v.<br><br>MARION EDWIN LOWERY, CYNTHIA LOWERY, MARIAN ELIZABETH LOWERY SAFFLE, JOHN HARRISON LOWERY, WILLIAM HARRISON CRABTREE, JR., JIM ENGLAND, RICHARD INMAN, TOMMY CROCKER, BBC HOLDINGS, INC., BOC OPERATIONS, LLC, PBLF, LLC, COMMERCE BANCSHARES, INC., PEOPLES STATE BANK OF COMMERCE and OAKLAND FINANCIAL SERVICES, INC.,<br><br>    Defendants. | CASE NO.: 3:11-cv-984<br><br>Judge Trauger<br>Magistrate Judge Knowles |

## INITIAL CASE MANAGEMENT ORDER

    A.    JURISDICTION:

The court has jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction is not disputed.

    B.    BRIEF THEORIES OF THE PARTIES:

    1.    PLAINTIFF: Separate Defendant BBC Holdings, Inc. (hereinafter referred to as "BBC Holdings") specializes in purchasing distressed assets. Separate Defendant PBLF, LLC (hereinafter referred to as "PBLF") is a "shell" corporation which was formed to acquire commercial and residential properties. BBC Holdings, PBLF, and Separate Defendant BOC Operations, LLC (hereinafter referred to as "BOC Operations") are entities which are

owned and/or controlled (or indirectly controlled) by Separate Defendants Marion Edwin Lowery (hereinafter referred to as "Ed Lowery"), Cynthia Lowery, Marian Elizabeth Lowery Saffle and John Harrison Lowery. PBLF, BBC Holdings and BOC Operations are each operated out of the same office.

On December 31, 2009, BBC Holdings loaned PBLF the principal sum of Seven Million Eight Hundred Thousand and No/100 Dollars ($7,800,000.00) pursuant to the terms of a Promissory Note (hereinafter referred to as the "Note") of the same date. Simultaneously with the loan, PBLF granted BBC Holdings various mortgages on real properties owned by it, including the office building in which PBLF, BBC Holdings and BOC Operations is located. BBC Holdings then sold a fifty four percent (54%) participation interest in its loan with PBLF to Plaintiff Tennessee Bank & Trust, a wholly owned subsidiary of Farmers Bank & Trust Co. (hereinafter referred to as "Farmers Bank"). But for the mortgage on the office building, Farmers Bank would not have entered into the Participation Agreement.

In 2010, Ed Lowery began experiencing financial difficulties and Defendants, which are a web of related entities that are owned by or directly or indirectly controlled by Ed Lowery, began shuffling assets in an effort to protect the assets of Ed Lowery. In May 2010, PBLF, BBC Holdings and BOC Holdings secretly released the mortgage on the office building and conveyed the office building to BOC Holdings for no consideration. Tennessee Bank's Complaint seeks to set aside the fraudulent conveyance of the office building and brings causes of action for civil conspiracy, fraud and conversion against the Defendants.

2. **DEFENDANTS BBC HOLDINGS, INC, TOMMY CROCKER, RICHARD INMAN, AND JIM ENGLAND:** BBC Holdings, Inc. ("BBC") is a corporation that specializes in purchasing distressed assets. BBC also makes loans on a limited basis. Tommy

Crocker, Richard Inman and Jim England are currently Members of the BBC Board of Directors. BBC, Crocker, Inman, and England (hereinafter "Defendants") contend that the release of the real property referred to in Paragraph 22 of the Complaint that took place on May 28, 2010 by Edwin Marion Lowery and/or William Harrison Crabtree was the result of a conflict of interest transaction in violation of Tennessee Code Annotated § 48-18-302. The transaction at issue was not authorized, ratified, or otherwise approved by the Defendants.

Defendants contend that Edwin Marion Lowery and/or William Harrison Crabtree violated the duties they respectively owed to BBC Holdings, Inc. as respectively defined in Tennessee Code Annotated § 48-18-301 and 48-18-403 with respect to the release of the real property referred to in Paragraph 22 of the Complaint, which took place on May 28, 2010, by not acting in good faith, with reasonable care, and in a manner they respectively believed was in the best interest of BBC Holdings. Inc. Defendants contend that Plaintiff agreed to accept substitute collateral for the real property that is identified in Paragraph 22 of the Complaint. This agreement by Plaintiff was a novation that bars the claims asserted in the Complaint, amounted to an accord and satisfaction and/or amounted to a waiver of any claims against the Defendants. Defendants further contend that equitable estoppel serves as a bar to the claims asserted by Plaintiff and/or that Plaintiff has unclean hands which should bar any claims against the Defendants.

Defendants contend that Plaintiff has failed to mitigate the damages alleged and/or has caused the damages sought in the Complaint. Moreover, any alleged damages sought against the Defendants should be offset by any payments or collateral received by Plaintiff from Ed Lowery. Plaintiff's claims for fraud should be dismissed since Plaintiff has failed to plead particular facts to establish fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. In addition,

pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, Tennessee Bank & Trust is not the real party in interest, and this Court should dismiss this action or require Plaintiff to substitute Farmers Bank & Trust Company as the sole Plaintiff brining the current action. In the alternative, Tennessee Bank & Trust lacks standing to bring the present lawsuit, and the lawsuit should therefore be dismissed. At all relevant times, Crocker, Inman and England executed their responsibilities as directors of BBC Holdings, Inc. in good faith; with the care an ordinary prudent person in a like position would exercise under similar circumstances; and in a manner they reasonably believed to be in the best interest of BBC Holdings, Inc. Crocker, Inman and England rely on Tennessee Code Annotated § 48-18-301(d) as a bar to any liability. Defendant BBC also contends that the cross-claim asserted against it is without merit for the reasons set forth in its motion to dismiss.

    3.  DEFENDANTS COMMERCE BANCSHARES, INC., PEOPLES STATE BANK OF COMMERCE AND BOC OPERATIONS, LLC: BOC purchased the property for fair value based upon the lower of two appraisals. Peoples transferred money to BOC (its wholly owned subsidiary) in the amount of 1.9 million plus some closing costs to purchase the building. BOC is a bona fide purchaser for value. None of these defendants conspired with any other defendant or any third party to defeat the rights of the plaintiff under the participation agreement. The agreement was unknown to these defendants and to the extent known by Lowery, it was never disclosed to any officers or directors of these defendants. Due to the purchase being considered a possible insider transaction as a result of Lowery's interest in PBLF, Lowery was not involved in any aspect of the transaction.

  BOC takes the property free and clear of any interest of the Plaintiff as a result of its status as a bonafide purchaser and the fact that Plaintiff did not record its interest nor did

Plaintiff advise BOC when it learned that the property was being sold to BOC by PBLF. These defendants deny that they are liable to any party in any amount whatsoever. BOC is entitled to a declaration from the Court that it is the true and lawful owner of the property and hold such interest free and clear of any claimed interest of any other party and more particularly that of the Plaintiff.

4. DEFENDANT WILLIAM HARRISON CRABTREE: Defendant Crabtree contends that at all times relevant hereto he discharged his duties as an officer of BBC in accordance with T.C.A. Section 48-18-403 and denies that he participated in a conflict of interest transaction. Specifically, Crabtree contends that he relied on information provided to him as contemplated in Section 48-18-403 before taking any actions, specifically including the execution of the Release of Lien. Crabtree adopts and incorporates all other defenses and theories asserted by Defendant BBC not inconsistent herewith.

5. DEFENDANT OAKLAND FINANCIAL SERVICES, INC.: Defendant Oakland Financial Services, Inc. ("Oakland Financial") lacks knowledge of and denies any involvement in the activities alleged in the complaint. Oakland Financial is not owned by or directly or indirectly controlled by Ed Lowery, as alleged. In fact, Mr. Lowery does not own any shares in Oakland Financial. Oakland Financial asserts that it has been improperly named in this lawsuit. Therefore, the claim against Oakland Financial should be dismissed. Oakland Financial incorporates by reference all affirmative defenses raised in its Answer to the Complaint.

6. DEFENDANTS MARION EDWIN LOWERY, CYNTHIA LOWERY, MARIAN ELIZABETH LOWERY SAFFLE, JOHN HARRISON LOWERY, AND PBLF, LLC: Marion Edwin Lowery, Cynthia Lowery, Marian Elizabeth Lowery Saffle, John Harrison Lowery, and PBLF, LLC, although having been served with Summonses in this action, have

failed to appear herein.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. MANDATORY INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED.R.CIV.P.26(A)(1) on or before February 7, 2012.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before September 28, 2012. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. All discovery motions must be filed by October 15, 2012.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before June 8, 2012.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 15, 2012. The defendant shall identify and disclose all expert witnesses and reports on or before November 15, 2012.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before December 15, 2012.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before August 13, 2012.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before January 15, 2012. Responses to dispositive motions shall be filed within thirty (30) days

after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 25 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY: The parties will attempt to agree in writing on procedures for electronic discovery as an alternative to Administrative Order No. 174.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three (3) to four (4) days. The parties respectfully request a trial date in May 2013.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

 /s/ Gary D. Jiles
Gary D. Jiles (*pro hac*)
Matthew K. Brown (*pro hac*)
MILLAR JILES CULLIPHER, LLP
The Frauenthal Building, 904 Front Street
Conway, Arkansas 72032
Phone: (501) 329-1133
Facsimile: (501) 329-1166
E-Mail: gjiles@mjcfirm.com and mbrown@mjcfirm.com

  /s/ Heather J. Hubbard
Heather J. Hubbard (Tenn. BPR No. 023699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN  37219
Phone:  (615) 244-6380
Facsimile:  (615) 244-6804
E-Mail:  heather.hubbard@wallerlaw.com

*Attorneys for Plaintiff Tennessee Bank & Trust,*
*a wholly owned division of Farmers Bank and Trust Company*

and

  /s/ J. Gregory Grisham
J. Gregory Grisham, Esq.
Frank L. Day, Jr., Esq.
Brian F. Walthart, Esq.
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN
The Brinkley Plaza
80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103

*Attorneys for BBC Holdings, Inc.,*
*Jim England, Richard Inman & Tommy Crocker*

  /s/ John David Schwalb
John David Schwalb, Esq.
Ernest Wilson Williams, Esq.
WILLIAMS & SCHWALB
108 Fourth Avenue, S Suite 207
Franklin, Tennessee 37064

*Attorneys for BOC Operations, LLC, Commerce Bancshares, Inc.*
*and Peoples State Bank of Commerce,*


  /s/ Luther Wright, Jr.
Luther Wright, Jr., Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, Tennessee 37219

*Attorneys for William Harrison Crabtree, Jr.*

/s/ Kinika L. Young
Kinika L. Young, Esq.
Joshua Ray Denton, Esq.
BASS, BERRY & SIMS
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201

*Attorneys for Oakland Financial Services, Inc.*