UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE BANK & TRUST, a wholly owned division of FARMERS BANK & TRUST COMPANY, an Arkansas state bank,<br><br>    Plaintiff,<br><br>v.<br><br>MARION EDWIN LOWERY, CYNTHIA LOWERY, MARIAN ELIZABETH LOWERY SAFFLE, JOHN HARRISON LOWERY, WILLIAM HARRISON CRABTREE, JR., JIM ENGLAND, RICHARD INMAN, TOMMY CROCKER, BBC HOLDINGS, INC., BOC OPERATIONS, LLC, PBLF, LLC, COMMERCE BANCSHARES, INC., PEOPLES STATE BANK OF COMMERCE and OAKLAND FINANCIAL SERVICES, INC.,<br><br>    Defendants. | Case No. 3:11-cv-0984<br>Judge Trauger |

## MEMORANDUM

Pending before the court is the Motion of BBC Holdings, Inc. to Dismiss Cross-Claim Asserted by Cross-Plaintiffs, Commerce Bancshares, Inc., Peoples State Bank of Commerce and BOC Operations, LLC. (Docket No. 49), to which the cross-plaintiffs have responded (Docket No. 57). For the reasons discussed herein, the motion to dismiss will be granted.

## BACKGROUND

The cross-plaintiffs, Commerce Bancshares, Inc. ("Commerce Bank"), Peoples State Bank of Commerce ("Peoples State Bank"), and BOC Operations, LLC ("BOC"), are a group of entities named as defendants in an action ("the Farmers Action") brought by the plaintiff,

1

Tennessee Bank & Trust[1] ("Farmers").[2] Commerce Bank is the sole shareholder and parent company of Peoples State Bank. Likewise, Peoples State Bank is the sole shareholder and parent of BOC, a Tennessee Limited Liability Company.

The cross-defendants, BBC Holdings, Inc. ("BBC"), PBLF, LLC ("PBLF"), Marion Edwin Lowery ("Lowery"), Marian Elizabeth Lowery Saffle ("Saffle"), and William Harrison Crabtree, Jr. ("Crabtree"), are also named as defendants in the Farmers action. BBC is a Tennessee corporation that specializes in purchasing distressed assets from banks at a discount and pooling such assets together. It also engages in lending activities. Lowery is alleged to be one of BBC's directors,[3] while Crabtree is the corporation's president. PBLF is a Tennessee limited liability company. It is alleged to be a shell company, formed to acquire commercial and residential properties. Saffle is Lowery's daughter, and both individuals are alleged to be members of PBLF.[4]

---

[1] Unless otherwise noted, the allegations are drawn from the plaintiff's Complaint (Docket No. 1), the exhibits attached thereto, and the Answer, Counter-Complaint and Cross-Claim of Commerce Bank, Peoples State Bank, and BOC (Docket No. 44). The court may consider exhibits attached to the Complaint in ruling on the pending motion to dismiss. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (noting that "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered when reviewing a Rule 12(b)(6) motion to dismiss) (internal quotation marks omitted). Moreover, neither BBC nor the cross-plaintiffs have raised any objections to the exhibits attached to the plaintiff's Complaint.

[2] The plaintiff is alleged to be a wholly-owned division of Farmers Bank & Trust Company, an Arkansas bank.

[3] The following individuals are also alleged to be directors of BBC: Jim England, Richard Inman, and Tommy Crocker. (Docket No. 1 at 7.) All of these individuals are named as defendants in the Farmers action.

[4] In addition, Lowery's wife (Cynthia Lowery) and son (John Harrison Lowery) are alleged to be members of PBLF. (Docket No. 1 at 2-3.) Both Cynthia Lowery and John Harrison Lowery are named as defendants in the Farmers action.

2

At the heart of the various claims asserted in this litigation is certain real property located in Williamson County, Tennessee. On December 31, 2009, BBC loaned PBLF $7.8 million pursuant to the terms of a Promissory Note signed by both parties. Lowery is alleged to have personally guaranteed PBLF's payment of the Note. For its part, PBLF granted BBC various mortgages on real properties it owned, including the property at the center of this litigation ("the Real Property"). This property contains an office building and had been previously conveyed to PBLF by Lowery. It is alleged that the property represents a substantial portion of the security for the Note.

On the same date that it loaned funds to PBLF, BBC also entered into a Participation Agreement with Farmers. Pursuant to that agreement, Farmers purchased a 54% participation interest in BBC's loan to PBLF. Under the agreement's terms, BBC was required, among other things, to consult Farmers and obtain its written consent before agreeing to release any of the collateral offered as security for its loan to PBLF.

Soon after the Promissory Note and Participation Agreement were signed, Lowery, the personal guarantor of the Note, saw his financial condition deteriorate. It is alleged that Lowery's financial position was negatively impacted by the financial difficulties experienced by Oakland Financial Services, Inc., an entity that he controlled.[5] Sometime during the early portion of 2010, BBC approached Farmers and sought permission to release the Real Property as collateral for the PBLF loan, so that it could be transferred to another entity. Farmers denied BBC's request.

---

[5] Oakland Financial Services, Inc. is also named as a defendant in the Farmers action.

Despite its failure to obtain Farmers' written consent, BBC, through its president and directors, released the Real Property from the mortgage on May 20, 2010. Just over one week later, on May 28, 2010, PBLF conveyed the Real Property to BOC through a Warranty Deed, which contained, among other things, a warranty of title. Saffle signed the Warranty Deed on behalf of PBLF. Following this conveyance, PBLF defaulted on the Promissory Note, and BBC defaulted on its required payments to Farmers pursuant to the terms of the Participation Agreement.

Farmers subsequently filed this lawsuit on October 17, 2011. In its Complaint, Farmers alleges, among other things, that the release and conveyance of the Real Property were fraudulent and unlawful acts taken in furtherance of a scheme between all of the named defendants to protect Lowery's assets from the lawful claims of his and his entities' creditors. It further alleges that all of the entities named as defendants in this litigation were either alter egos or instrumentalities of Lowery. Farmers has asserted claims for breach of contract, civil conspiracy, fraud, fraudulent transfer, constructive trust, and conversion.

On December 16, 2011, Commerce Bank, Peoples State Bank, and BOC filed an Answer, Counter-Complaint and Cross-Claim. (Docket No. 44.) In their Answer, the cross-plaintiffs have denied that they were the alter egos or instrumentalities of Lowery. They also asserted a counter-claim against Farmers, alleging that BOC is a bona fide purchaser of the Real Property, as it purchased the property from PBLF in an arms length transaction[6] for $1.9 million,[7] lacked record

---

[6] The cross-plaintiffs allege that Lowery did not participate in any voting on behalf of Commerce Bank, Peoples State Bank, or BOC on matters concerning the purchase of the Real Property. (Docket No. 44, at 11.)

[7] According to the allegations contained in the Counter-Claim, Peoples State Bank transferred the $1.9 million to BOC, its wholly-owned subsidiary, for the purpose of purchasing

4

notice of any interest held by Farmers, and was unaware of the terms and conditions contained in the Participation Agreement. In the Counter-Claim, the cross-plaintiffs seek a declaratory judgment that BOC owns the Real Property free and clear of any claims held by Farmers.

The Cross-Claim that is the subject of the present motion alleges that PBLF did not have clear and marketable title to the Real Property at the time that it was conveyed on May 28, 2010. In addition, it alleges that the cross-defendants, BBC, PBLF, Lowery, Crabtree, and Saffle, were all aware that BBC's release of the Real Property as collateral for the PBLF loan violated the terms of the Participation Agreement. It further alleges that, despite having a duty to disclose this fact, the cross-defendants failed to inform the cross-plaintiffs of the existence of the Participation Agreement, let alone the fact that the release violated its terms. As a result, Peoples State Bank, in transferring $1.9 million in funds to BOC, and BOC, in tendering those funds to PBLF to purchase the Real Property, relied, to their detriment, on the release and the Warranty Deed. Moreover, the cross-plaintiffs allege that Peoples State Bank and BOC justifiably relied on unspecified misrepresentations made by the cross-defendants in the release and Warranty Deed. They seek damages for these alleged acts and omissions.[8]

The cross-plaintiffs also assert that, to the extent that Farmers is able to recover against them, they are entitled to indemnification from the cross-defendants under the terms of the Warranty Deed. In addition, they allege that PBLF and Saffle breached the warranty of title that was granted to BOC, and that BOC has been damaged as a result of the breach, as it has been

---

the Real Property. (Docket No. 44, at 10.)

[8] The Cross-Claim does not expressly list separate causes of action based on the alleged acts and omissions of the cross-defendants.

5

required to defend its title to the Real Property.  BBC filed the present motion on January 6, 2012.

## ANALYSIS

BBC has moved to dismiss the cross-claims asserted against it on the ground that they fail to state claims upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, it argues that, even if the cross-plaintiffs have sufficiently pled claims for relief against BBC, the court should still dismiss the cross-claims asserted by Commerce Bank and Peoples State Bank because they lack standing.

I.      Motion to Dismiss

   A.      Standard of Review

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

6

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

### B. BBC's Motion

BBC contends that the allegations asserted against it in the Cross-Claim fail to state a claim for relief. First, BBC argues that the Cross-Claim's allegation that it had a duty to disclose that it lacked the authority to release the Real Property as collateral for the PBLF loan cannot state a claim for relief, because the Cross-Claim does not identify to whom it owed this alleged duty and fails to otherwise allege that any relationship existed between itself and the cross-plaintiffs from which such a duty could arise. Next, BBC contends that the cross-plaintiffs cannot bring an indemnity claim against it under the Warranty Deed, because it never held title to the Real Property at issue. Finally, BBC argues that the allegation that it made unspecified misrepresentations cannot state a claim for relief, because the Cross-Claim does not identify the misrepresentations it allegedly made.

In their response, the cross-plaintiffs expressly conceded BBC's motion to dismiss as it pertained to Commerce Bank. Accordingly, all cross-claims asserted by Commerce Bank against BBC shall be dismissed. The remaining cross-plaintiffs, Peoples State Bank and BOC, expressly conceded that they could not recover from BBC on any claims brought under the Warranty Deed.

Thus, their claim against BBC for indemnity shall also be dismissed. Peoples State Bank and BOC have otherwise failed to directly address BBC's arguments as to the remaining allegations concerning its alleged misrepresentations and failure to disclose.[9]

Having reviewed the Cross-Claim, it appears that the allegations relating to BBC's misrepresentations and failure to disclose sound in fraud. However, it is unclear whether the cross-plaintiffs intended to bring separate causes of action for the alleged misrepresentations on the one hand, and the alleged failure to disclose on the other or if, instead, they intended to assert a single cause of action claiming that the failure to disclose itself constituted the misrepresentation. For the purposes of this motion, the court will assume that the cross-plaintiffs have intended to assert two separate causes of action.

Under Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The purpose of this rule "is to alert defendants as to the particulars of their alleged misconduct so that they may respond[,] . . . to prevent fishing expeditions, to protect defendants' reputations from allegations of fraud, and to narrow potentially wide-ranging discovery to relevant matters." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466-67 (6th Cir. 2011) (internal quotation marks and citations omitted). To satisfy Rule 9(b)'s particularity requirement, "the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the

---

[9] Rather, Peoples State Bank and BOC simply restated that BBC knowingly breached its duty to disclose that it lacked the authority to release the Real Property as collateral for the PBLF loan, and that Peoples State Bank and BOC relied on the release to their detriment.

8

fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Id.* at 467. (internal quotation marks omitted).

Applying these considerations here, the court finds that the allegations in the Cross-Claim fail to satisfy Rule 9(b)'s particularity requirements. While the Cross-Claim alleges that BBC made misrepresentations in the release and Warranty Deed that were signed in May 2010 and upon which Peoples State Bank and BOC justifiably relied, it fails to specify what those misrepresentations were. In addition, the Cross-Claim does not set forth that the alleged misrepresentations were part of a scheme to defraud Peoples State Bank and BOC. Nor does it allege that BBC possessed fraudulent intent in making the alleged misrepresentations.

As to BBC's alleged failure to disclose, the Cross-Claim alleges the content of the omission, namely, that BBC's release of the Real Property as collateral for the PBLF loan violated the Participation Agreement. In addition, it alleges a fraudulent scheme and BBC's fraudulent intent. Indeed, it asserts that, while BBC knew that its release of the Real Property violated the Participation Agreement, it nonetheless breached its duty to disclose that fact. The Cross-Claim also alleges the resulting injury, as it asserts that Peoples State Bank and BOC relied upon the release and the Warranty Deed in entering into the transaction to purchase the Real Property from PBLF for $1.9 million. However, the Cross-Claim does not allege when BBC should have disclosed the omitted fact. Nor does it specifically allege the place where the omitted fact should have been disclosed. Finally, as BBC notes, the Cross-Claim does not identify to whom BBC owed a duty to disclose and fails to otherwise set forth the existence of any relationship between BBC, on the one hand, and Peoples State Bank and BOC, on the other, which would create any such duty.

9

Because the Cross-Claim fails to plead fraud with particularity pursuant to Rule 9(b), the court will grant BBC's motion to dismiss these particular claims. However, this dismissal will be without prejudice. In their opposition brief, Peoples State Bank and BOC have sought leave to amend the Cross-Claim, and the court finds that good cause exists to grant such leave to allow the cross-plaintiffs to bring the Cross-Claim into compliance with Rule 9(b).[10] Accordingly, the cross-plaintiffs shall file an Amended Cross-Claim within 20 days of the date of the accompanying Order remedying the pleading deficiencies identified by the court in the previous paragraphs.

The cross-plaintiffs have also alleged that the other cross-defendants, like BBC, made certain unspecified misrepresentations and breached a duty to disclose that BBC lacked the authority to release the Real Property. In filing their Amended Cross-Claim, the cross-plaintiffs should make specific and separate allegations against each of the cross-defendants as to each of these fraudulent acts. *See* 2 James WM. Moore et al., *Moore's Federal Practice*, § 9.03[1][f] (3d Ed. 2012) (stating that where a fraud "claim involves multiple defending parties, a claimant usually may not group all claimed wrongdoers together in a single set of allegations[,] . . . [but must instead] make specific and separate allegations against each defendant"). In doing so, the cross-plaintiffs should also remedy the pleading deficiencies identified herein.

---

[10] In the course of arguing against BBC's motion to dismiss, Peoples State Bank and BOC asserted that BBC "is a necessary party to the declaratory judgment action regarding the rights of the parties to the property," since it possessed a lien to the Real Property that it improperly released. (Docket No. 57 at 3.) However, the declaratory judgment action does not name BBC as a party. Indeed, the cross-plaintiffs seek a declaratory judgment stating that BOC owns the Real Property free and clear of any claims held by Farmers. To the extent that the cross-plaintiffs allege that BBC should also be a party to the declaratory judgment action, they shall amend the Cross-Claim accordingly.

10

**II. Standing**

BBC also argues that, if the court finds that the cross-plaintiffs have sufficiently pled claims for relief, it should nonetheless dismiss the cross-claims brought against it by Peoples State Bank, because Peoples State Bank lacks standing to assert those claims.[11]  However, because the court has granted BBC's motion to dismiss, it need not consider this argument, as it is moot.  Once the cross-plaintiffs have filed their Amended Cross-Claim, BBC may again raise this issue in a motion to dismiss.

## CONCLUSION

For all of the reasons discussed herein, the Motion of BBC Holdings, Inc. to Dismiss Cross-Claim Asserted by Cross-Plaintiffs, Commerce Bancshares, Inc., Peoples State Bank of Commerce and BOC Operations, LLC (Docket No. 49) will be **GRANTED**.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge

---

[11] BBC also argues that Commerce Bank lacks standing to bring any claims against it. However, as previously noted, Commerce Bank has already conceded BBC's motion to dismiss.

11