IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE BANK & TRUST, a wholly owned division of Farmers Bank & Trust Company, an Arkansas state bank, | ) ) ) ) |
| Plaintiff, | ) Civil No. 3:11-0984 ) Judge Trauger ) |
| v. | ) ) |
| MARION EDWIN LOWERY, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

The defendants have filed a Joint Motion to Disqualify Plaintiff's counsel, Gary Jiles And His Law Firm, Millar, Jiles and Cullipher, LLP (Docket No. 111), to which the plaintiff has responded in opposition (Docket No. 118).

## ANALYSIS

Although a district court possesses inherent authority to disqualify an attorney to aid the fair administration of justice, it is not to use this remedy lightly; that is, courts must remain sensitive to the parties' choice of counsel and weigh that interest against the public's interest in fair judicial process. *See Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988); *Cavender v. U.S. Express Enters., Inc.*, 191 F.Supp.2d 962, 965 (E.D. Tenn. 2002) (describing motions to disqualify as being "very sensitive" and as requiring the court to "exercise judgment with an eye toward upholding the highest ethical standards of the profession, protecting the interest of the litigants in being represented by the attorney of their choosing, . . .

1

and the overriding societal interests in the integrity of the judicial process.")

The standard for professional conduct of lawyers practicing before this court incorporates the Tennessee Rules of Professional Conduct. Local Rule 83.01(e)(4). Rule 3.7 of the Tennessee Rules of Professional Conduct provides as follows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

Tennessee Supreme Court Rule 8, Rule of Professional Conduct 3.7. "For a lawyer to be a necessary witness, his testimony must be relevant, material, and unobtainable elsewhere." *Rothberg v. Cincinnati Ins. Co.*, No. 1:06-cv-111, 2008 WL 2401190, at *2 (E.D. Tenn. June 11, 2008); *see also Nat'l Res. Def. Council v. Cnty. of Dickson, Tenn.*, No. 3:08-cv-0229, 2010 WL 5300871, at *3 (M.D. Tenn. Dec. 20, 2010). Accordingly, an attorney is a "necessary witness" for purposes of Rule 3.7(a) "only if 'there are things to which he will be the only one available to testify.'"

In bringing a motion to disqualify, the movant bears "the burden of proving that opposing counsel should be disqualified." *McKinney v. McMeans*, 147 F.Supp.2d 898, 900 (W.D. Tenn. 2001) (citing *Bartech Indus. v. Int'l Baking Co.*, 910 F.Supp. 388, 392 (E.D. Tenn. 1996)). The defendants have failed to carry the burden of establishing that Mr. Jiles is likely to be a necessary witness to a contested issue. For these reasons, the Joint Motion to Disqualify is **DENIED WITHOUT PREJUDICE**.

The plaintiff is **FOREWARNED** that, should it become apparent at a later time that Mr. Jiles is, in fact, a necessary witness in this case, the court will not hesitate to disqualify him and his firm at that time, which has the potential to create more prejudice to the plaintiff, should the court so rule.

It is so **ORDERED**.

ENTER this 11th day of October 2012.

_____
ALETA A. TRAUGER
U.S. District Judge