IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

TENNESSEE BANK and TRUST, a wholly
owned division of FARMERS BANK &
TRUST COMPANY, an Arkansas state bank,

    Plaintiffs,

vs.                                                      Civil Action No.: 3:11-cv-00984

MARION EDWIN LOWERY, CYNTHIA
LOWERY, MARIAN ELIZABETH
LOWERY SAFFLE, JOHN HARRISON
LOWERY, WILLIAM HARRISON
CRABTREE, JR., JIM ENGLAND,
RICHARD INMAN, TOMMY CROCKER,
BBC HOLDINGS, INC., BOC OPERATIONS, LLC,
PBLF, LLC, COMMERCE BANCSHARES, INC.,
PEOPLES STATE BANK OF COMMERCE and
OAKLAND FINANCIAL SERVICES, INC.,

    Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS RICHARD INMAN, TOMMY CROCKER, JIMMY ENGLAND'S MOTION FOR RULE 11 SANCTIONS**

Defendants Richard Inman, Tommy Crocker, Jim England, BBC Holdings, Inc., (hereafter referred to as "Defendants"), hereby submit this Memorandum in Support of their Motion for Sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, since the claims against Defendants set forth in the Second Amended Complaint are factually unsupported and the legal contentions are not warranted by law, and further state as follows:

## I.    FACTS

1. Plaintiff Tennessee Bank & Trust ("TBT"), filed this litigation on October 17, 2011, against multiple Defendants, including the Defendants herein alleging, among other things, the improper release of collateral specifically the property identified as 233 Bedford Way, which is real property located in Williamson County, Tennessee (D.E. 1).

2. An Amended Complaint was filed on October 11, 2012 (D.E.127).

3. The Amended Complaint makes allegations of civil conspiracy-second cause of action, and conversion-sixth cause of action against Defendants England, Inman and Crocker (D. E. 127).[a]

4. Plaintiff has filed a Second Amended Complaint alleging civil conspiracy as the second cause of action, conversion as the sixth cause of action, and fraud, civil conspiracy, and conversion as the seventh cause of action against Defendants Inman, England, and Crocker. Civil Procedure (D.E.164).[b]

5. Defendants BBC Holdings, Richard Inman, Jim England, and Tommy Crocker noticed a Rule 30(b)(6) deposition of Tennessee Bank & Trust (hereinafter "TBT") with a topic list that included, the factual basis for claims of Civil Conspiracy, Constructive Trust, Conversion, and Fraud made in the Complaint/Amended Complaint and the Second Amended Complaint, as well as facts showing common design, actions that were detrimental to TBT, affirmative steps to further the conspiracy as it pertained to the individual Defendants Inman, England, and Tommy Crocker. A copy of the Notice of the Rule 30(b)(6) Deposition for Tennessee Bank & Trust is attached to the Motion as Exhibit 1.

---

[a] The allegations in the first, third, fourth, and fifth causes of action in the Amended Complaint are not directed to Defendants Inman, England, or Crocker.
[b] The allegations in the first, third, fourth and fifth causes of actions in the proposed Second Amended Complaint are not directed to Defendants Inman, England, or Crocker.

6. On December 13, 2012, Steve Bell was put forth by Plaintiff as the Rule 30(b)(6) corporate representative for Tennessee Bank & Trust and was deposed by Counsel for Defendants.

7. Mr. Bell was unable to offer any evidence to support TBT's claims against Inman, England, or Crocker in the Second Amended Complaint.

8. TBT through Bell admitted it has no facts to support the allegations and claims against Defendants Inman, England, and Crocker.

9. Specifically Tennessee Bank & Trust ("TBT") corporate representative Steve Bell was asked whether he was aware of facts or evidence that supported Mr. England, Mr. Inman, or Tommy Crocker being actively involved in the release of the property (Bedford Way), Mr. Bell stated, "No."(Bell Dep., pp., 145-47).

10. Mr. Bell also testified that he did not have any facts regarding the allegations that Mr. England, Mr. Inman, or Mr. Crocker took any affirmative action to harm TBT (Bell Dep., pp. 158-59).

11. Mr. Bell further testified that he lacked any facts that Mr. England, Mr. Inman, or Mr. Crocker individually engaged in any intentional, fraudulent, malicious, reckless, unlawful or fraudulent means against TBT (Bell Dep., pp., 159, 171-72, 175).

12. Mr. Bell testified that TBT does not have any facts to support a cause of action for conversion, fraud or civil conspiracy against Mr. England, Mr. Inman, or Mr. Crocker (Bell Dep., p. 180).

13. Mr. Bell further testified that TBT did not have any facts to support the claims regarding allegations of misconduct that allegedly caused damages to TBT by Mr. England, Mr. Inman, or Mr. Crocker (Bell Dep., p., 182).

14. Defendants Inman, England, and Crocker did not sign the Participation Agreement (Bell Dep., p. 181).

15. The deposition testimony of Steve Bell acting as the corporate representative for Tennessee Bank & Trust fails to establish a factual basis for any of the allegations against England, Inman, or Crocker.

16. Pursuant to Rule 11, on January 9, 2013, Counsel for Defendants Inman, England, and Crocker served on Plaintiff the required notice of violations under Rule 11, which included a copy of the Rule 11 Motion and Memorandum. Defendants have provided Plaintiff with reasonable opportunity to respond. A copy of the Rule 11 letter is attached to the Motion as Exhibit 2.

17. On January 30, 2013, by letter Plaintiff refused to dismiss the claims against the individual Defendants England, Inman, and Crocker. A copy of Plaintiff's January 30, 2013 letter is attached to the Motion as Exhibit 3.[c]

## II. LAW AND ARGUMENT

### A. Standard for Rule 11 Motion.

Fed. R. Civ. P. 11(b) imposes on a party who files any document with a Court a duty to ensure that the assertions presented therein meet the minimum standards of practice. The rule specifically provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[c] Defendants' England, Inman, and Crocker have filed a Motion and Memorandum for Leave to file a Motion to Dismiss or in the Alternative a Motion for Partial Summary Judgment (D.E. 181-182).

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 sanctions may be imposed if a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quotation omitted). The purpose of Rule 11 sanctions is to deter the abuse of the legal process. *Id.* The Rule "stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed." *Id.* (quotation omitted). This Court affords the district court "considerable deference . . . upon the review of Rule 11 sanctions." *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). Rule 11 imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of proceedings. *See Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F. 3d 609, 627 (6th Cir. 1988) *citing Herron v. Jupiter Transp. Co.*, 858 F. 2d 332, 336 (6th Cir. 1988).

Plaintiff's Second Amended Complaint sets forth claims against Defendants Inman, England, and Crocker that are factually unsupported and as such are not warranted by law, thus violating Rule 11 of the Federal Rules of Civil Procedure.

**B.    Sanctions Are Warranted Because The Amended Complaint And The Proposed Second Amended Complaint Are Without Factual Support As To Claims Against Defendants England, Inman, and Crocker.**

A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). *PT Pukuafu Indah v. United States SEC*, 661 F.3d 914, 926 (6th Cir. Mich. 2011) (unpublished) (copy attached).

Defendants Inman, England and Crocker have detailed to Plaintiff by letter and now in their motion the deficiencies and specific conduct of Plaintiff that violates of Rule 11. The Rule 30(b)(6) deposition of Tennessee Bank & Trust corporate representative shows that Plaintiff lacks a factual basis for making and maintaining the present claims against Defendants Inman, England, or Crocker as set forth in the Second Amended Complaint.

Specifically, at the Rule 30(b)(6) deposition of the Tennessee Bank & Trust ("TBT") corporate representative Steve Bell in regard to the transfer of the Bedford Way property by these three individual Defendants was asked the following:

> Q: Okay. Did you ever deal with – did Tennessee Bank and Trust ever deal with Mr. Tommy Crocker, in relation to any of this?
> A: Yes, at one point in time, Mr. Croker, when the situation with Ed's loan at Tennessee Commerce Bank, Mr. Crocker was holding some, what I call, creditors' meetings, that I attended with Mr. Barnhill, and we made sure that Mr. Crocker was aware of this situation.
> Q: Okay.
> A: And that would be the only one.
> Q: Would that have been a meeting that other creditors and Mr. Lowery attended, as well?
> A: There were other—we mentioned this just to Mr. Crocker before that meeting started. We just wanted him to know that we realize we have an issue here.
> Q: Mr. Crocker, was he an executive with Tennessee Commerce Bank?

>           A: That's correct.
>           Q: How about Mr. Rick Inman?
>           A: No.
>           Q: How about Mr. Jim England?
>           A: No.

(Bell Dep., pp. 90-91).

Mr. Bell was further asked the whether he was aware of facts or evidence that supported Mr. England, Mr. Inman, or Tommy Crocker having any knowledge, awareness, or involvement of the release of the property (Bedford Way), Mr. Bell stated, "No."(Bell Dep., pp., 145-47). Mr. Bell also testified that he did not have any facts regarding the allegations that Mr. England, Mr. Inman, or Mr. Crocker took any affirmative action to harm TBT (Bell Dep., pp. 158-59). Mr. Bell further testified that he lacked any facts of common design by Mr. England, Mr. Inman, or Mr. Crocker individually engaging in any unlawful or fraudulent manner to protect the assets of Mr. Lowery (Bell Dep., pp. 171-72).

More importantly, as to the allegations set forth in the second cause of action, civil conspiracy Mr. Bell testified that he did not have any facts to show that Defendants Inman, England, and Crocker actions were intentionally, fraudulent, malicious, or reckless against TBT (Bell Dep., p., 175). Likewise, Mr. Bell testified that he did not have any facts to support the sixth cause of action conversion against Defendants Inman, England and Crocker (Bell Dep., p. 179). The second and sixth causes of action against Defendants Inman, England, and Crocker are the same in the proposed Second Amended Complaint (D.E. 148-1).

When questioned about the seventh cause of action of for conversion, fraud or civil conspiracy as set forth in the Second Amended Complaint, Mr. Bell testified that TBT does not have any facts to support these claims against Mr. England, Mr. Inman, or Mr. Crocker (Bell Dep., p. 180). Mr. Bell further testified that TBT did not have any facts to support the claims

7

regarding allegations of misconduct that allegedly caused any damages to TBT by Mr. England, Mr. Inman, or Mr. Crocker (Bell Dep., p., 182).

Here, the individual Defendants Inman, England, and Crocker were simply Directors of the BBC Holdings. These three individual Defendants Inman, England, and Crocker were not a party to the Participation Agreement (Bell Dep., p. 181). The testimony from the corporate designee establishes that Plaintiff lacks factual support for the claims made against these Defendants in the Second Amended Complaint. Plaintiff's actions in continuing to assert these unfounded allegations and claims against the individual Defendants Inman, England, and Croker in the Second Amended Complaint are in violation of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff does not have one scintilla of evidence against any of the individual Defendants and admitted that it relates solely to the fact that they are members of the Board of Directors of BBC Holdings (Bell Dep., p. 175). This is contrary to the law in Tennessee, since there is a presumption that a corporation is a distinct entity, separate from its shareholders, officers, directors or affiliated corporations. *Gordon v. Greenview Hosp*., 300 S.W. 3d 635, 651(Tenn. 2009), *citing Oceanics Sch., Inc. v. Barbour*, 112 S.W.3d 135, 140 (Tenn. Ct. App. 2003); *Schlater v. Haynie*, 833 S.W.2d 919, 925 (Tenn. Ct. App. 1991). A corporation may only act through its agents and employees; consequently, a corporate director, officer or employee is not individually liable, so long as he is acting in furtherance of the corporate interest. *Forrester v. Stockstill*, 869 S.W. 2d 328, 334-335 (Tenn. 1994). The corporation's separate legal status protects its shareholders, officers, directors or affiliated corporations from the corporation's liabilities to its creditors. *Pamperin v. Streamline MFG., Inc*., 276 S.W.3d 428, 436-37 (Tenn. Ct. App. 2008).

Rule 11 sanctions are nonetheless proper where, as here, instead of withdrawing a complaint or agreeing to a dismissal of the factually unsupported claims, a plaintiff "continue[s] to litigate after it bec[omes] clear that his claim was frivolous, unreasonable or without foundation." *Bailey v. Papa John's USA, Inc*., 236 Fed. App'x 200, 203 (6th Cir. June 11, 2007) (copy attached); *see also Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 395 (6th Cir. 2009) (discussing Rule 11's "continuing duty of candor"); *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (same); *Herron*, 858 F.2d at 335-36 (discussing litigants "continuing responsibility to review and reevaluate [their] pleadings").

Pursuant to the requirements of Rule 11, on January 9, 2013, Counsel for Defendants Inman, England, and Crocker served on Plaintiff the required specific notice of violations under Rule 11, which included a copy of this Motion and Memorandum for Sanction. Defendants provided Plaintiff with a reasonable opportunity to dismiss the claims against England, Inman and Crocker as identified in the Second Amended Complaint. On January 30, 2013, Plaintiff communicated its refusal to dismiss the claims. *See* Exhibit 2. Defendants Inman, England, and Crocker seek dismissal of the Second Amended Complaint that contains claims against them.

### III.  CONCLUSION

Defendants Richard Inman, Jim England, and Tommy Crocker respectfully request that this Court grant their Motion for Rule 11 Sanctions and dismiss the claims contained in the Second Amended Complaint against Richard Inman, Jim England and Tommy Crocker. Defendants also request their reasonable attorneys' fees, costs and expenses for the preparation of the Rule 11 letter, the Motion for Sanctions and the Memorandum in Support, as well as any time spent responding to any opposition brief filed by Plaintiff.

Respectfully submitted,


s/ J. Gregory Grisham
J. Gregory Grisham (TN Bar No. 013810)
Robbin W. Hutton (TN Bar No. 19440)
JACKSON LEWIS LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: robbin.hutton@jacksonlewis.com
       gregory.grisham@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS
*BBC Holdings, Inc., Jim England, Richard Inman, and Tommy Crocker*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2013, a true and correct copy of the foregoing *Memorandum in Support of Defendants' Motion for Rule 11 Sanctions* was filed via the Court's CM/ECF system, which will send a copy of the foregoing via electronic mail to the following individuals of record:

>Heather J. Hubbard
>WALLER, LANDSEN, DORTCH & DAVIS, LLP
>Nashville City Center
>511 Union Street, Suite 2700
>Nashville, TN 37219
>*Attorneys for Tennessee Bank & Trust*
>
>Gary D. Jiles
>Matthew K. Brown
>MILLAR JILES CULLIPHER, LLP
>The Frauenthal Building
>904 Front Street
>Conway, AR 72032
>*Attorneys Pro Hac Vice for Tennessee Bank & Trust*
>
>Luther Wright, Jr., Esq.
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>SunTrust Plaza
>401 Commerce Street, Suite 1200
>Nashville, Tennessee 37219-2446
>*Attorneys for William Harrison Crabtree*
>
>Nader Baydoun, Esq.
>Stephen Knight, Esq.
>BAYDOUN & KNIGHT, PLLC
>Fifth Third Center
>424 Church Street, Suite 2650
>Nashville, Tennessee 37219
>*Attorney for Cynthia Lowery, Marion Edwin Lowery, John Harrison Lowery and Marian Elizabeth Lowery Saffle, PBLF, LLC*
>
>Ernest Wilson Williams
>John David Schwalb
>WILLIAMS & SCHWALB, PLLC
>108 Fourth Avenue, Suite 207
>Franklin, TN 37064
>*Attorneys for BOC Operations, LLC, Commerce Bancshares, Inc, and Peoples State Bank of Commerce*

A copy of the foregoing was served on the parties listed below by first-class U.S. Mail, postage prepaid to:

>Mr. Jim Henry
>President
>Oakland Financial Services, Inc.
>1907 Steeplebrook Cove
>Cordova, TN 38016
>*Representative for Oakland Financial Services*

>s/ J. Gregory Grisham
>J. Gregory Grisham (TN BPR #013810)
>*Counsel for Defendants*
>BBC Holdings, Inc., Jim England, Richard Inman, and Tommy Crocker

4850-1126-1714, v. 1